IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                    No. CIV 13-0865 JB/WPL
                                                                                               CR 08-1537 JB

LORIANN MONICA GONZALES,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 4(b) of the Rules Governing Section 2255 Cases, on the Defendant's Motion Under 28 USC section 2255(F)3 to Vacate, Set Aside or Correct Sentence, filed September 9, 2013 (CIV Doc. 1; CR Doc. 80). This motion is Defendant Loriann Monica Gonzales' second under § 2255. She alleges that the Court imposed a sentence that is above the statutory minimum and is not based on facts that a jury found. She contends that, under the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), she is entitled to relief from her sentence as violative of her Sixth Amendment right to a jury trial.

As a threshold matter, Gonzales' motion faces the statutory restrictions on second or successive motions under 28 U.S.C. § 2255. See 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). On April 25, 2011, the Court entered judgment on Gonzales' conviction and sentence. On July 25, 2012, Gonzales filed a first § 2255 motion (CR Doc. 73), which the Court dismissed with prejudice as untimely in a Memorandum Opinion and Order, filed October 26, 2012 (CR Doc. 79). "[A] habeas or § 2255 petition that is properly dismissed as time-barred under [the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §§ 2244, 2255] constitutes an adjudication on the merits for successive purposes." *Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir.


2003)(*quoted with approval in United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013)).

Gonzales then filed this second § 2255 motion, challenging the sentence that the Court imposed in the criminal proceeding.   Central to Gonzales' motion are her dual contentions that the decision in *Alleyne v. United States* retroactively applies to her sentence and started a new one-year limitation period under § 2255(f)(3).   Neither proposition is correct.   In the United States Court of Appeals for the Tenth Circuit's recent decision in *In re Payne*, 733 F.3d 1027 (10th Cir. 2013), the Tenth Circuit denied the movant's request for authorization to file a second or successive § 2255 motion based on the ruling in *Alleyne v. United States*.   The Tenth Circuit agreed with other Courts of Appeals that *Alleyne v. United States* announced "'a new rule of constitutional law.'"   *In re Payne*, 733 F.3d at 1029 (quoting *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)).   The Tenth Circuit further noted, however, that because "this rule . . . has not been 'made retroactive to cases on collateral review,' " *In re Payne*, 733 F.3d at 1029 (quoting § 2255(h)(2)), the court could not authorize the § 2255 proceeding in the district court.

Because Gonzales's § 2255 motion is second or successive, <u>see</u> *United States v. Garcia-Rodriguez*, 516 F. App'x at 706, the Court must either transfer it to the Court of Appeals or dismiss the motion.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)(requiring balancing of factors in *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), before transferring a second § 2255 motion). <u>See</u> *Thornbrugh v. United States*, 424 F. App'x 756, 759 (10th Cir. 2011)(noting that the district

court "properly held that it 'lack[ed] jurisdiction to consider [a successive § 2255] motion.'"). The ruling in *In re Payne* weighs conclusively in favor of dismissing rather than transferring Gonzales' § 2255 motion, and the Court will dismiss the motion for lack of jurisdiction.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Gonzales has failed to make a substantial showing that she has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Defendant's Motion Under 28 USC section 2255(F)3 to Vacate, Set Aside or Correct Sentence, filed September 9, 2013 (CIV Doc. 1; CR Doc. 80), is dismissed without prejudice for lack of jurisdiction; (ii) a certificate of appealability is denied; and (iii) judgment will be entered.

                                                _____
                                                UNITED STATES DISTRICT JUDGE

*Parties*:

Lori Ann Gonzales
Federal Medical Center, Carswell
Ft. Worth, Texas

      *Pro se*